**Zamir TRUPJA, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4226–ag.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2006.

Oleh R. Tustaniwsky, Law Offices of Andrew P. Johnson, New York, New York, for Petitioner.

Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, Samuel D. Wright, Assistant United States Attorney, Oxford, Mississippi, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Zamir Trupja (A 78 960 079), a citizen of Albania, petitions for review of the BIA's affirmance of Immigration Judge ("IJ") Alan Page's denial of his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms the IJ's decision in part, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the BIA and IJ found Trupja's testimony incredible because, among other things, he was unable to explain the following inconsistencies: (1) Trupja claimed that his supplemental affidavit contained all of the problems he encountered in Albania, yet it failed to mention two separate instances when he was allegedly detained and beaten, in February 1992 and March 1997, and he did not testify to the February 1992 attack until he was confronted with a nurse's letter by the Government; and (2) Trupja testified that he was hospitalized from October 12, 1998 until October 16, 1998, yet the hospital record indicates that he was hospitalized from September 12, 1998 until September 16, 1998. These discrepancies, as well as others, adequately support the IJ's finding under our deferential substantial evidence standard, and the adverse credibility finding defeats Trupja's claims for asylum, withholding of removal, and CAT relief because it leaves Trupja with no objective evidence to support any of these claims. *See Xue Hong Yang,* 426 F.3d at 523.

Trupja states that the IJ violated his due process rights, inasmuch he was not

neutral or impartial because of his bias against Trupja's counsel. We disagree. Our review of the record does not indicate that the IJ deprived Trupja of a full and fair opportunity to present his application for relief from removal or otherwise deprived him of fundamental fairness. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir.2006). While the IJ was clearly annoyed by Trupja's counsel, the record shows that the IJ's decision was supported by the facts in the record, and not his emotions.

For the foregoing reasons, the petition for review is DENIED. Trupja's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).